Dawn McCraw
(OSB #192645)
Price Law Group, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (818) 600-5485
E: dawn@pricelawgroup.com
*Attorney for Plaintiff*
*Misty Jones*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**(EUGENE DIVISION)**

| | |
|---|---|
| MISTY JONES,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.;<br>COMENITY BANK,<br><br>Defendant. | Case No. 6:21-cv-00194<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*<br>2. Oregon Fair Debt Collection Practices Act, O.R.S. § 646.639<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Misty Jones ("Plaintiff"), by and through her attorneys, alleges the following against Capital One Bank (USA), N.A. ("Defendant" or "Capital One") and Comenity Bank ("Defendant" or "Comenity"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Oregon Fair Debt Collection Practices Act ("OFDCPA"), O.R.S. § 646.639, which prohibits debt collectors from communicating with a debtor repeatedly or continuously or at times known to be inconvenient to the debtor with the intent to harass or annoy the debtor.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion Upon Seclusion, as derived from § 652B of Restatement (Second) of Torts, which prohibits an intention intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. § 1331.

5. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Plaintiff is a citizen of Oregon, and Defendant Capital One is a citizen of Virginia and Defendant Comenity is a citizen of Delaware.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. Defendants transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Eugene, Lane County, Oregon.

9. Capital One is a creditor with a principal place of business and registered agent located in Richmond, Virginia. Capital One can be served with process at its registered agent Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA 23219-4100.

10. Comenity is a creditor, with its principal place of business located at One Righter Parkway, Suite 100, Wilmington, DE 19803, and with its registered agent The Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

11. Capital One and Comentiy acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

13. In or around October 2019, in an attempt to collect on one or more alleged consumer accounts, Capital One began calling Plaintiff on her cellular phone number ending in 3485.

14. The calls originated primarily from telephone number (800) 365-2024.

15. Upon information and belief, this telephone number is owned, operated, or controlled by Capital One or its agent(s).

16. On or about November 10, 2019 at 12:20 p.m., Plaintiff answered a call from Capital One and spoke with a representative.

17. After picking up the call, Plaintiff noticed a short pause before the Capital One representative began speaking, consistent with the use of an automatic dialing system.

18. Capital One's representative informed Plaintiff that Capital One was attempting to collect a debt incurred by Plaintiff.

19. Plaintiff informed the representative that she was struggling financially due to the loss of child support, and that she could not make a payment at the time. Plaintiff then told the representative to only contact her by mail and revoked consent to be called again on her cellular phone by Capital One.

20. Despite Plaintiff expressly informing Capital One to not call her and that she could not pay at the time, Capital One continued hounding Plaintiff for a payment.

21. Between November 10, 2019 and March 31, 2020, Capital One called Plaintiff on her cellular phone approximately TWO HUNDRED (200) times after Plaintiff had unequivocally revoked consent to be called.

22. During that time period, Capital One called Plaintiff virtually every day, numerous times a day. In fact, Capital One called Plaintiff up to four (4) times a day on multiple occasions.

23. Upon information and belief, Capital One also left pre-recorded or artificial voice messages for Plaintiff on Plaintiff's voicemail.

24. Upon information and belief, Capital One also attempted to contact third parties, such as family or friends, regarding a debt allegedly owed by Plaintiff.

25. On or about January 30, 2020, Plaintiff had received a letter from Comenity Bank stating that "Commenity Bank will acquire your maurices Credit Card account from Capital One" and that the change would take effect in March 2020.

26. In or around mid-March 2020, Plaintiff began receiving calls from new phone numbers: (614) 729-6086; (614) 729-6597; (614) 729-6597; (614) 754-4060; (720) 456-3684; and (913) 312-9489.

27. Upon information and belief, these telephone numbers are owned, operated, or controlled by Comenity or its agent(s).

28. Plaintiff never gave Comenity permission to call her cellular phone, and since Plaintiff had already revoked permission for Capital One to call her about the same alleged debt, there was no "permission" for Capital One to transfer to Comentity.

29. Comenity also called Plaintiff's mother many times in an attempt to collect Plaintiff's debt.

30. Comenity had no permission to call Plaintiff's mother or any other third parties it may have called in an attempt to collect an alleged debt from Plaintiff.

31. Upon information and belief, Comenity also left pre-recorded or artificial voice messages for Plaintiff on Plaintiff's voicemail.

32. Between March 1, 2020 and May 30, 2020, Comenity called Plaintiff on her cellular phone approximately TWENY-FIVE (25) times without permission from Plaintiff.

33. Upon information and belief, Capital One and Comenity are familiar with the TCPA and OFDCPA.

34. Capital One and Comenity's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt or pay more than she was able to.

35. Capital One and Comentiy's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Defendants' conduct was especially unreasonable because they called relentlessly, shortly after Plaintiff explained why she could not pay and requested to be contacted only by mail.

36. Plaintiff is under an immense amount of stress and Capital One and Comenity's calls have only exacerbated her stress and anxiety.

37. As a result of Capital One and Comentiy's conduct, Plaintiff has sustained actual damages including but not limited to, stress, anxiety, embarrassment, anguish, severe emotional and mental pain.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

38. Plaintiff incorporates by reference paragraphs one (1) through thirty-seven (37) of this Complaint as though fully stated herein.

39. Defendants violated the TCPA. Defendants' violations include, but are not limited to, the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with

       the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

40. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of the OFDCPA, O.R.S. 646.639)

41. Plaintiff incorporates by reference paragraphs one (1) through thirty-seven (37) of this Complaint as though fully stated herein.

42. Defendants violated the OFDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendants violated O.R.S. § 646.639(2)(e) by "communicat[ing] with a debtor . . . repeatedly or continuously or at time known to be inconvenient to the debtor . . .with the intent to harass or annoy the debtor. . ."

43. Defendants' act, as described above, was done intentionally with the purpose of annoying or harassing Plaintiff enough to pay the alleged debt.

44. As a result of Defendants' violations of O.R.S. 646.639, Defendants are liable to Plaintiff for actual or statutory damages, and attorneys' fees and costs.

## COUNT III
## (Invasion of Privacy - Intrusion Upon Seclusion)

45. Plaintiff incorporates by reference paragraphs one (1) through thirty-seven (37) of this Complaint as though fully stated herein.

46. Defendants violated Plaintiff's privacy. Defendants' violations include, but are not limited to, the following:

    a. Defendants intentionally intruded, physically, or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls, of which would be highly offensive to a reasonable person, in an attempt to collect on an alleged debt despite Plaintiff's request for calls to cease.

    b. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Misty Jones, respectfully requests judgment be entered against Defendants Capital One Bank (USA), N.A. and Comenity Bank for the following:

A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D. Actual damages pursuant to O.R.S. § 646.641(2);

E. Statutory damages of $200.00 pursuant to O.R.S. § 646.641(2);

F.    Costs and reasonable attorneys' fees pursuant to O.R.S. § 646.641(1);

G.    Actual and punitive damages for the invasion of Plaintiff's privacy;

H.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

I.    Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 4th day of February 2021.

>*/s/ Dawn M. McCraw*
>Dawn M. McCraw,
>(OSB #192645)
>Price Law Group, APC
>8245 N. 85th Way
>Scottsdale, AZ 85258
>T: (818) 600-5585
>F: (818) 600-5485
>E: dawn@pricelawgroup.com
>*Attorneys for Plaintiff,*
>*Misty Jones*